FILED

December 4, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

TIME 2:18 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| SARA M. GUMM, <br> **Employee,** | ) Docket No.: 2015-03-0197 <br> ) |
| | ) |
| **v.** | ) **State File Number: 36951-2015** |
| **BUFFALO WILD WINGS,** <br> **Employer,** | ) <br> ) **Judge Lisa A. Knott** |
| | ) |
| **And** | ) <br> ) |
| **SEDGWICK CLAIMS** <br> **MANAGEMENT SERVICES,** <br> **Insurance Carrier.** | ) <br> ) <br> ) <br> ) |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL AND TEMPORARY DISABILITY BENEFITS
### (RECORD REVIEW)

---

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the Employee, Sara Gumm, pursuant to Tennessee Code Annotated section 50-6-239 (2014), and requested an on-the-record determination of the issues set forth in the Dispute Certification Notice. The Employer, Buffalo Wild Wings, did not request an in-person evidentiary hearing. This Court finds that no additional information is needed to determine whether Ms. Gumm is likely to prevail at a hearing on the merits of the claim. Accordingly, pursuant to Rule 0800-02-21-.14(1)(c) (2015) of the Tennessee Compilation Rules and Regulations, the Court decided the issues in this case upon a review of the written materials and without benefit of an evidentiary hearing.

The present focus of this case is Ms. Gumm's left knee injury. The central legal issue is whether Ms. Gumm is likely to prevail at a hearing on the merits that her left knee injury arose primarily out of and in the course and scope of her employment, thus entitling her to medical and temporary disability benefits. For the reasons set forth below, the Court finds Ms. Gumm is likely to prevail at a hearing on the merits that her

1

left knee injury arose primarily out of and in the course of her employment, such that she is entitled to medical and temporary disability benefits.[1]

## History of Claim

Ms. Gumm is an eighteen-year-old resident of Blount County, Tennessee. Buffalo Wild Wings employed Ms. Gumm as a hostess. Ms. Gumm alleges that on May 5, 2015, she slipped on ice and twisted her left knee. On May 6, 2015, Ms. Gumm presented to Blount Memorial Hospital emergency room. The triage physician gave Ms. Gumm a knee immobilizer and crutches and advised to weight bear as tolerated. Ms. Gumm returned to Blount Memorial emergency room department on May 12, 2015, where she was referred directly to Springbrook Occupational Therapy.

Dr. Bryan Thompson evaluated Ms. Gumm at Springbrook on May 14, 2015, for ongoing left knee pain. He diagnosed Ms. Gumm with internal derangement, and assigned restrictions of both walking and standing up to fifteen minutes per hour. Dr. Thompson contacted Buffalo Wild Wings to advise that the diagnosis was not yet clear and further testing would be necessary. Dr. Thompson referred Ms. Gumm back to Dr. Michael Campbell because Dr. Campbell performed her previous left knee surgery.

Buffalo Wild Wings provided a panel of physicians. (Ex. 8.) However, neither party provided a signed copy indicating the selected physician. Dr. Brandon S. Asbury,[2] OrthoTennessee, evaluated Ms. Gumm on May 29, 2015. (Ex. 5.) He recommended an MRI for consideration of an ACL tear, and restricted Ms. Gumm from working until her follow-up appointment. *Id.* On June 17, 2015, Dr. Asbury reviewed the MRI results, which demonstrated a patella contusion and no evidence of tears. Dr. Asbury opined:

> I do believe that this is a new injury. She has no history of patellar dislocation in the past so I do believe this is work-related. We will hold her out of work approximately two further weeks, while we focus on therapy and re-strengthening of the quadriceps. I do not think this is related to chondromalacia of the patella, which actually had no evidence of this on MRI today. *Id.*

It is unclear which treatment Ms. Gumm underwent and whether her work restrictions continued post-June 17, 2015, because she did not provide any of Dr. Asbury's subsequent records.

Ms. Gumm filed a Petition for Benefit Determination seeking temporary disability and medical benefits. The parties did not resolve the disputed issues through mediation,

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.
[2] The panel of physicians did not contain Dr. Asbury. It is unclear whether he was an authorized treating physician.

and the Mediating Specialist filed a Dispute Certification Notice. This matter was set for a show cause hearing, wherein Ms. Gumm advised that she filed a Request for Expedited Hearing for an on-the-record determination. The undersigned Judge explained to Ms. Gumm that only the submitted medical records would be considered, and provided Buffalo Wild Wings an opportunity to respond to the Request for Expedited Hearing. Subsequently, Ms. Gumm contacted the Court and requested permission to submit additional medical records. Court staff informed Ms. Gumm if she wanted to submit additional records, this matter would need to be scheduled for an in-person evidentiary hearing. On November 19, 2015, Ms. Gumm advised the Court that she would like to proceed with the previously submitted information.

Based on a review of the record, Ms. Gumm asserts she sustained a work-related knee injury for which she is entitled to medical and temporary disability benefits. (Ex. 1.) Buffalo Wild Wings countered that Ms. Gumm delayed reporting her injury and seeking medical treatment. It further countered that the medical records do not state that Ms. Gumm's injury arose primarily out of and in the course of her employment. (T.R. p. 10.)

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[3] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

Buffalo Wild Wings alleges Ms. Gumm delayed providing notice of a work-related injury and seeking medical treatment. However, the First Report of Injury notes

---

[3] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

that Ms. Gunn provided notice of her injury and sought medical treatment the day after the injury. (Exs. 6, 3.) The Court finds Buffalo Wild Wings' allegations of delayed notice and medical treatment without merit.

Buffalo Wild Wings further alleges that the medical records do not support causation of a work-related injury. It provided the affidavit of General Manager, Kendra Hawkins, which noted Ms. Hawkins saw Ms. Gumm bending, squatting, and walking without any physical problem at the end of her shift on May 5, 2015. (Ex. 2.) Buffalo Wild Wings asserts the discrepancies in Ms. Gumm's physical exams and her observable movements point to some cause or worsening outside of her employment. (T.R. p. 10.) However, Dr. Asbury opined, "I do believe that this is a new injury. She has no history of patellar dislocation in the past so *I do believe this is work-related*." (Emphasis added.) (Ex. 5.) Based on the foregoing, the Court finds that Ms. Gumm is likely to prevail at a hearing on the merits that her left knee injury arose primarily out of and in the course of her employment.

An employee is entitled to receive temporary total disability benefits pursuant to Tennessee Code Annotated section 50-6-207(1) (2014) whenever the employee has suffered a compensable, work-related injury that has rendered the employee unable to work. *See Simpson v. Satterfield*, 564 S.W.2d 953 (Tenn. 1978). In order to establish a prima facie case for temporary total disability benefits, the worker must show (1) that he or she was totally disabled and unable to work due to a compensable injury, (2) that the work injury and inability to work are causally connected, and (3) the duration of the disability. *Gray v. Cullom Mach., Tool & Die, Inc.*, 152 S.W.3d 439, 443 (Tenn. 2004).

On May 14, 2015, Dr. Thompson restricted Ms. Gumm from walking or standing more than fifteen minutes per hour. Ms. Hawkins' affidavit asserts that Buffalo Wild Wings was able to accommodate those restrictions. Ms. Gumm did not provide any information or documentation to refute that assertion. On May 29, 2015, Dr. Asbury opined that Ms. Gumm should be off work pending her follow-up visit, and on June 17, 2015, he opined that she should be off work until her follow-up visit on July 7, 2015. (Ex. 5.) Ms. Gumm has established that she was unable to work as a result of the compensable injury from May 29, 2015, until July 7, 2015.[4] As stated previously, Ms. Gumm did not submit any post-June 17, 2015 medical records. Therefore, the Court is unable to determine whether Ms. Gumm is entitled to any temporary disability benefits beyond July 7, 2015.

Therefore, as a matter of law, Ms. Gumm has come forward with sufficient evidence from which this Court concludes that she is likely to prevail at a hearing on the merits. Her request for medical benefits and temporary disability benefits for the periods

---

[4] Buffalo Wild Wings did not submit a wage statement but did reference in its response to the Expedited Hearing that Ms. Gumm's wages qualify her for the minimum compensation rate of $127.20. Ms. Gumm did not provide any evidence to the contrary.

set forth above is granted at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Medical care for Ms. Gumm's injuries shall be paid, and Buffalo Wild Wings or its workers' compensation carrier shall provide Ms. Gumm with medical treatment for these injuries as required by Tennessee Code Annotated section 50-6-204 (2014).

2. The amount of temporary disability benefit is $127.20 per week.

3. Payment of past-due benefits in the amount of $672.34 shall be made for the period from May 29, 2015, to July 7, 2015.

4. This matter is set for an Initial (Scheduling) Hearing on February 10, 2016 at 9:00 am CST/10:00 am EST.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 4th day of December, 2015.**

Lisa A. Knott

_____

**Judge Lisa A. Knott**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Lisa A. Knott, Court of Workers' Compensation Claims. You must call 865-594-0109 or toll-free at 855-383-0003 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
- EXHIBIT 1: Affidavit of Sara Gumm
- EXHIBIT 2: Affidavit of Kendra Hawkins
- EXHIBIT 3: Medical Records of Blount Memorial Hospital
- EXHIBIT 4: Medical Record of BMH Occupational Health Center
- EXHIBIT 5: Medical Records of OrthoTennessee
- EXHIBIT 6: First Report of Work Injury, for date of injury of May 5, 2015
- EXHIBIT 7: Sedgwick Correspondence to Dr. Asbury regarding Causation, dated June 5, 2015
- EXHIBIT 8: Panel of Physicians, Form C42, for date of injury of May 5, 2015


Technical record:[5]
> Petition for Benefit Determination
> Dispute Certification Notice
> Show Cause Order
> Request for Expedited Hearing
> Response of Employer & Insurer to Employee's Request for Expedited Hearing

---

[5] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 4th day of December, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Sara M. Gumm, Employee | X | | X | 3488 Pearly Smith Road Louisville, TN 37777 Jaimawhite1024@gmail.com |
| James V. Thompson, Esq. Employer's Counsel | | | X | jthompson@raineykizer.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

9